Appeal Form No. 1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

<u>MEMORANDUM</u>

TO:      Bankruptcy Appellate Panel of the Ninth Circuit
            125 S. Grand Avenue
            Pasadena, California 91105

FROM:    Division / District/Office No.: 0970-2 / Phoenix

DATE:  August 24, 2018

SUBJECT:  Transmittal

> **FILED** ✓    LODGED
> RECEIVED    COPY
>
> SEP 1 1 2018
>
> CLERK U S DISTRICT COURT
> DISTRICT OF ARIZONA
> BY _____ B DEPUTY

---

Case Name:  EPICENTER PARTNERS LLC ET AL

Bankruptcy No.:  2:16-BK-05493-MCW

Adversary No.:  N/A

**CV-18-02857-PHX-SPL**

Bankruptcy Judge:  MADELEINE C. WAINSLEE

Date Notice of Appeal Filed: 8/23/2018

Date Motion for Leave to Appeal Filed:

Date of Entry of Order Appealed:    8/23/2018

Date Bankruptcy Filed:  5/16/2016

Date Notice of Appeal and Notice of
Objection Period Mailed to Parties:   August 24, 2018

Appeal Fee Paid:  YES

Date of Transmittal:  August 24, 2018

                  George Prentice, Clerk of Court

         By:   WESLEY STANGRET
                   Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

In Re

EPICENTER PARTNERS L.L.C.
GRAY MEYER FANNIN L.L.C.
SONORAN DESERT LAND INVESTORS
EAST OF EPICENTER LLC
GRAY PHOENIX DESERT RIDGE II, LLC

Debtor(s)

CPF VASEO ASSOCIATES LLC

Appellant(s)

v.

EPICENTER PARTNERS L.L.C.
GRAY MEYER FANNIN L.L.C.
SONORAN DESERT LAND INVESTORS
EAST OF EPICENTER LLC
GRAY PHOENIX DESERT RIDGE II, LLC
RCH PROPERTIES INC
BRUCE GRAY
GRAY PHOENIX DESERT RIDGE LLC
EMERALD EQUITIES LLC

Appellee(s)

Chapter 11

Case No.  2:16-BK-05493-MCW

Adv.  N/A

**NOTICE OF FILING OF APPEAL AND NOTICE OF REFERRAL OF APPEAL TO THE BANKRUPTCY APPELLATE PANEL**

YOU ARE HEREBY NOTIFIED that a Notice of Appeal has been filed on 8/23/2018 with the Clerk of the U.S. Bankruptcy Court.  By virtue of Orders of the Judicial Council of the Ninth Circuit, the above appeal has been referred to the United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP).

Any party desiring to object to such referral must do so in conformity with the foregoing orders and their provisions for reference to the BAP.

Local rules for the BAP and a practice manual are located on their website at www.bap09.uscourts.gov.

For further information, you may contact the Clerk of the Bankruptcy Appellate Panel at 125 S. Grand Avenue, Pasadena, California 91105, telephone (626) 229-7225.

NOTICE IS GIVEN TO THE APPELLANT that the Appellant shall, within 14 days of the filing of the Notice of Appeal, (see above), file with the Clerk of the U.S. Bankruptcy Court, the following:

1. A designation of the items to be included in the record on appeal and serve a copy on all appellees;

2. A statement of the issues to be presented and serve a copy on all appellees; and

3. A request for any transcripts where the designation includes a transcript of any proceeding or a part thereof.  The party requesting transcripts must follow the court's ordering procedures.

Dated: August 24, 2018

GEORGE PRENTICE, CLERK OF COURT

By: WESLEY STANGRET

Deputy Clerk

Copies to be noticed by the BNC.

# United States Bankruptcy Court
## District of Arizona

### APPEALS - ORDERING AN OFFICIAL TRANSCRIPT

If you have filed an appeal and designated a transcript of a hearing as part of the record on appeal, you will need to follow the steps below to obtain an official transcript:

1. Determine the date of the hearing.

2. Determine whether you need a transcript.

3. Determine if the transcript is already on file by reviewing the case docket or you may call the court for assistance.

4. Ordering a transcript requires an advanced deposit. The deposit and price for the transcript will vary as it depends upon the estimated length of the hearing and turn-around time requested.

5. To order a transcript, please contact the ECR Operator Team who will advise you of the procedures for ordering a transcript and for making payment.

6. The court uses an independent transcription company to prepare official transcripts.

7. At the time the transcription company provides you with a transcript, a copy is filed with the court; therefore, it is not necessary for you to file a copy.

8. Reminder: If you have designated a transcript of a court proceeding in your appeal documents, it is your responsibility to order it from the Bankruptcy Court ECR Operator Team. The order should be placed at the time you file the Statement of Issues and Designation of Record.

Contact Information:

ECR Operator Team – Phoenix, Prescott, Flagstaff, Bullhead City    602-682-4200
ECR Operator Team – Tucson    520-202-7556
ECR Operator Team – Yuma    602-682-4961

## General Docket
## U. S. Bankruptcy Appellate Panel for the Ninth Circuit

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 18-1231 | **Docketed:** 08/27/2018 |

CPF Vaseo Associates, LLC v. Epicenter Partners L.L.C.
**Appeal From:** Arizona - Phoenix
**Fee Status:** fee due

**Case Type Information:**
   1) Bankruptcy
   2) Chapter 11 Business
   3) null

**Originating Court Information:**
   **District:** 0970-2 : 2:16-bk-05493
   **Trial Judge:** Madeleine Carmel Wanslee, U.S. Bankruptcy Judge
   **Date Filed:** 05/16/2016

| **Date Order/Judgment:** | **Date NOA Filed:** | **Date Rec'd BAP:** |
|---|---|---|
| 08/23/2018 | 08/24/2018 | 08/24/2018 |

**Prior Cases:**
   None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 18-1152 | 18-1195 | 07/25/2018 | |
| | 18-1152 | 18-1231 | 08/27/2018 | |

**Panel Assignment:**        Not available

---

In re: EPICENTER PARTNERS L.L.C.
    Debtor

GRAY MEYER FANNIN L.L.C.
    Debtor

SONORAN DESERT LAND INVESTORS LLC
    Debtor

EAST OF EPICENTER LLC
    Debtor

GRAY PHOENIX DESERT RIDGE II, LLC
    Debtor

-------------------------------

CPF VASEO ASSOCIATES, LLC           Todd A. Burgess, Attorney

Appellant

Direct: 602-650-2000
[COR LD NTC Retained]
Polsinelli PC
1200
One East Washington Street
Phoenix, AZ 85004

John R. Clemency, Attorney
Direct: 602-650-2065
[COR LD NTC Retained]
Polsinelli PC
1200
One East Washington Street
Phoenix, AZ 85004

Stuart Bradley Rodgers, Esquire, Attorney
**Terminated: 08/29/2018**
Direct: 602-258-6000
[COR LD NTC Retained]
LANE & NACH PC
Suite 103
2001 East Campbell Avenue
Phoenix, AZ 85016

Lindsi M. Weber, Esquire, Attorney
Direct: 602-650-2064
[COR LD NTC Retained]
Polsinelli PC
Suite 1200
One East Washington Street
Phoenix, AZ 85004

v.

EPICENTER PARTNERS L.L.C.
Appellee

David Hindman, Bankruptcy Counsel
Direct: 520-624-8886
[COR LD NTC Retained]
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Avenue
Tucson, AZ 85701-0000

Michael McGrath, Bankruptcy Counsel
Direct: 520-624-8886
[COR LD NTC Retained]
Mesch, Clark & Rothschild, P.C.
259 N. Meyer Avenue
Tucson, AZ 85701-0000

|  | Frederick J. Petersen, Esquire, Attorney<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>Mesch, Clark & Rothschild, P.C.<br>259 N. Meyer Avenue<br>Tucson, AZ 85701-0000 |
|---|---|
| GRAY PHOENIX DESERT RIDGE II, LLC<br>Appellee | David Hindman, Bankruptcy Counsel<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above)<br><br>Michael McGrath, Bankruptcy Counsel<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above)<br><br>Frederick J. Petersen, Esquire, Attorney<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above) |
| GRAY MEYER FANNIN L.L.C.<br>Appellee | David Hindman, Bankruptcy Counsel<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above)<br><br>Michael McGrath, Bankruptcy Counsel<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above)<br><br>Frederick J. Petersen, Esquire, Attorney<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above) |
| SONORAN DESERT LAND INVESTORS LLC<br>Appellee | David Hindman, Bankruptcy Counsel<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above)<br><br>Michael McGrath, Bankruptcy Counsel<br>Direct: 520-624-8886<br>[COR LD NTC Retained]<br>(see above)<br><br>Frederick J. Petersen, Esquire, Attorney<br>Direct: 520-624-8886 |

[COR LD NTC Retained]
(see above)

EAST OF EPICENTER LLC
        Appellee

David Hindman, Bankruptcy Counsel
Direct: 520-624-8886
[COR LD NTC Retained]
(see above)

Michael McGrath, Bankruptcy Counsel
Direct: 520-624-8886
[COR LD NTC Retained]
(see above)

Frederick J. Petersen, Esquire, Attorney
Direct: 520-624-8886
[COR LD NTC Retained]
(see above)

BRUCE GRAY
        Appellee

Daniel G. Dowd, Esquire
Direct: 602-252-8140
[COR LD NTC Retained]
Suite 1100
2425 East Camelback Road
Phoenix, AZ 85016

J. Neil Stuart, Esquire
[COR LD NTC Retained]
Suite 1100
2425 East Camelback Road
Phoenix, AZ 85016

GRAY PHOENIX DESERT RIDGE I, LLC
        Appellee

Daniel G. Dowd, Esquire
Direct: 602-252-8140
[COR LD NTC Retained]
(see above)

Kevin C. Moyer, Esquire
[COR LD NTC Retained]
Suite 1100
2425 East Camelback Road
Phoenix, AZ 85016

J. Neil Stuart, Esquire
[COR LD NTC Retained]
(see above)

EMERALD EQUITIES, LLC
        Appellee

David D. Cleary, Attorney
Direct: 602-445-8000
[COR LD NTC Retained]

|  | GREENBERG TRAURIG, LLP<br>Suite 700<br>Firm: 602/445-8000<br>2375 E. Camelback Rd.<br>Phoenix, AZ 85016 |
| ROI PROPERTIES, INC.<br>　　　　Appellee | Stuart Bradley Rodgers, Esquire, Attorney<br>Direct: 602-258-6000<br>[COR LD NTC Retained]<br>(see above) |

In re:  EPICENTER PARTNERS L.L.C.; GRAY MEYER FANNIN L.L.C.; SONORAN DESERT LAND INVESTORS LLC; EAST OF EPICENTER LLC; GRAY PHOENIX DESERT RIDGE II, LLC

　　　　Debtors

------------------------------

CPF VASEO ASSOCIATES, LLC

　　　　Appellant

v.

EPICENTER PARTNERS L.L.C.; GRAY PHOENIX DESERT RIDGE II, LLC; GRAY MEYER FANNIN L.L.C.; SONORAN DESERT LAND INVESTORS LLC; EAST OF EPICENTER LLC; BRUCE GRAY; GRAY PHOENIX DESERT RIDGE I, LLC; EMERALD EQUITIES, LLC; ROI PROPERTIES, INC.

　　　　Appellees

| 08/24/2018 | 1 | Received notice of appeal filed in Bankruptcy Court on 08/24/2018, notice of referral, transmittal form. (VJ) [Entered: 08/27/2018 01:31 PM] |
| 08/29/2018 | 2 | Terminate from case: Attorney Stuart Bradley Rodgers for Appellant CPF Vaseo Associates, LLC in 18-1231 (PI) [Entered: 08/29/2018 04:07 PM] |
| 08/29/2018 | 3 | Party: Add Attorney(s) John R Clemency, Todd A. Burgess, Lindsi M. Weber for party(s) Appellant CPF Vaseo Associates, LLC, in case 18-1231. (PI) [Entered: 08/29/2018 04:10 PM] |
| 08/29/2018 | 4 | Party added to case Appellee ROI Properties, Inc.. (PI) [Entered: 08/29/2018 04:17 PM] |
| 08/31/2018 | 5 | Notice to all parties and Bankruptcy Court RE: BAP Case number assigned: AZ-18-1231. Sent Bankruptcy Record Request Form to Bankruptcy Court. (PI) [Entered: 08/31/2018 12:48 PM] |

| 08/31/2018 | 6 | Sent BRIEFING ORDER to appellant CPF Vaseo Associates, LLC. Copies to all parties. Appellant CPF Vaseo Associates, LLC's opening brief due 10/15/2018. (PI) [Entered: 08/31/2018 01:12 PM] |
| 09/10/2018 | 7 | Filed (ECF) Attorney Mr. Stuart Bradley Rodgers, Esquire for Appellee ROI Properties, Inc.'s Objection to BAP jurisdiction; served on 09/10/2018 email - Attorney for Appellants: Burgess, Clemency, Rodgers, Weber; Attorney for Appellees: Cleary, Hindman, McGrath, Petersen; US mail - Attorney for Appellees: Dowd, Moyer, Stuart. [18-1231] (SBR) [Entered: 09/10/2018 07:45 PM] |

1  John R. Clemency (AZ Bar No. 9646)
   Todd A. Burgess (AZ Bar No. 19013)
2  Lindsi M. Weber (AZ Bar No. 25820)
   **POLSINELLI**
3  One E. Washington St., Ste. 1200
   Phoenix, AZ 85004
4  Telephone: 602.650.2000
5  taburgess@polsinelli.com
   jclemency@polsinelli.com
6  lweber@polsinelli.com

7  Attorneys for CPF Vaseo Associates, LLC

8

## IN THE UNITED STATES BANKRUPTCY COURT

9

## THE DISTRICT OF ARIZONA

10

| In re: | | Chapter 11 Proceedings |
|---|---|---|
| EPICENTER PARTNERS, L.L.C. | ☐ | Case No. 2-16-bk-05493-MCW |
| GRAY MEYER FANNIN, L.L.C. | ☐ | Jointly Administered with: |
| SONORAN DESERT LAND INVESTORS, LLC | ☐ | Case No. 2:16-bk-05494-MCW<br>Case No. 2:16-bk-07659-MCW<br>Case No. 2:16-bk-07660-MCW<br>Case No. 2:16-bk-07661-MCW |
| EAST OF EPICENTER, LLC | ☐ | |
| GRAY PHOENIX DESERT RIDGE II, LLC | ☐ | **SECOND CORRECTED NOTICE OF APPEAL**[1] |
| Debtors. | | |
| This Filing Applies to: | | |
| ☒    All Debtors<br>☐    Specified Debtors | | |

---

27  [1] CPF's original notice of appeal was filed at Docket 1254. CPF filed a Corrected Notice of
28  Appeal at Docket 1255 to add Emerald Equities, LLC as a party to the appeal. However, counsel
    for CPF inadvertently omitted Exhibits 1 and 2 from the Corrected Notice of Appeal. This Second
    Corrected Notice of Appeal is filed to correct that omission and includes Exhibits 1 and 2.

1    CPF Vaseo Associates, LLC ("CPF"), a secured creditor and party-in-interest in the

2    above-captioned chapter 11 cases, and the proponent of the Plan,[2] pursuant to

3    Fed.R.Bankr.P. 8003 and 28 U.S.C. § 158(a), hereby appeals the *Order Granting Joint*

4    *Motion to Approve Settlement of Claim on Expedited Basis* [Docket 1252] entered by the

5    Bankruptcy Court on August 23, 2018, including the related signed Minute Entry Order

6    [Docket 1246] entered on August 22, 2018, attached hereto as Exhibits 1 and 2,

7    respectively.

8    The names of the other parties to the appeal and the names, addresses, and telephone

9    numbers of their respective counsel are as follows:

10

| | |
|---|---|
| ROI PROPERTIES, INC. as Liquidating Trustee of the May Liquidating Trust and the July Liquidating Trust and sole manager of the consolidated Estates of the May Debtors and July Debtors | Stuart B. Rodgers<br>Paul M. Hilkert<br>LANE & NACH, P.C.<br>stuart.rodgers@lane-nach.com<br>paul.hilkert@lane-nach.com |
| Reorganized Debtors Epicenter Partners, LLC, Gray Meyer Fannin, LLC, Sonoran Desert Land Investors, LLC, East of Epicenter, LLC, and Gray Phoenix Desert Ridge II, LLC | Stuart B. Rodgers<br>Paul M. Hilkert<br>LANE & NACH, P.C.<br>stuart.rodgers@lane-nach.com<br>paul.hilkert@lane-nach.com |
| Prepetition Debtors Epicenter Partners, LLC, Gray Meyer Fannin, LLC, Sonoran Desert Land Investors, LLC, East of Epicenter, LLC, and Gray Phoenix Desert Ridge II, LLC | Michael McGrath<br>Frederick J. Petersen<br>David Hindman<br>MESCH CLARK ROTHSCHILD<br>mmcgrath@mcrazlaw.com,<br>fpetersen@mcrazlaw.com<br>dhindman@mcrazlaw.com |

---

[2] "Plan" refers to and means the *Third Amended Joint Plan of Reorganization with Stipulated and Non-Adverse Modifications, dated August 22, 2017* [Dkt. 824] as amended by the *Notice Of Non-Adverse Modification To CPF Vaseo Associates, LLC's Third Amended Joint Plan Of Reorganization For All Debtors With Stipulated And Non-Adverse Modifications, Dated August 22, 2017* [Dkt. 829], and as further amended by the *Order Confirming Third Amended Joint Plan of Reorganization with Stipulated and Non-Adverse Modifications Proposed by CPF Vaseo Associates, LLC* [Dkt. 1006]. Unless expressly stated otherwise, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan.

1

Bruce Gray and Gray Phoenix Desert Ridge
I, LLC

2

3

4

5

6

7

8

COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400
Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
J. Neil Stuart (028569)
Email: nstuart@CDQLaw.com
Kevin C. Moyer (032037)
Email: kmoyer@CDQLaw.com

9

Emerald Equities, LLC

10

11

12

13

14

15

16

GREENBERG TRAURIG, LLP
David D. Cleary, AZ SBN 011826
clearyd@gtlaw.com
E. Jeffrey Walsh, AZ SBN 009334
walshj@gtlaw.com
Nicole M. Goodwin, AZ SBN 024593
goodwinn@gtlaw.com
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-445-8000
Facsimile: 602-445-8100

17

18

Appellant **does not** elect to have the appeal heard by the United States District Court

rather than by the Bankruptcy Appellate Panel.

19

RESPECTFULLY SUBMITTED this 23rd day of August, 2018.

20

POLSINELLI, P.C.

21

22

By: _/s/Todd A. Burgess_____

23

24

John R. Clemency
Todd A. Burgess
Lindsi A. Weber

25

Attorneys for CPF Vaseo Associates, LLC

26

27

28

COPIES of the foregoing were served this 23rd day of August, 2018 via the Court's
CM/ECF Notification System on all parties that requested notice in these cases; and
COPIES were emailed to the following parties:

Michael McGrath
Frederick J. Petersen
David Hindman
MESCH CLARK ROTHSCHILD
mmcgrath@mcrazlaw.com,
fpetersen@mcrazlaw.com
dhindman@mcrazlaw.com
*Attorneys for Debtors*

Steven N. Berger, Patrick A. Clisham,
Scott B. Cohen
snb@eblawyers.com
pac@eblawyers.com
sbc@eblawyers.com
*Former Counsel for Official Committee of
Unsecured Creditor*

Dean C. Waldt
BALLARD SPAHR LLP
waldtd@ballardspahr.com
*Attorneys for Arizona State Land
Department*

Edward K. Bernatavicius
Edward.k.bernatavicius@usdoj.gov
OFFICE OF THE U.S. TRUSTEE

David D. Cleary
clearyd@gtlaw.com
*Attorneys for Emerald Equities, LLC*

Peter Muthig
muthigk@mcao.maricopa.gov
*Attorneys for Maricopa County Treasurer's
Office*

Dawn M Maguire
GUTTILLA ANDERSON MURPHY,
PC
dmaguire@gamlaw.com
*Attorneys for Constantino Flores,
Chapter 7 Trustee for the bankruptcy
estate of GDG Partners, LL*

Marvin C. Ruth
COPPERSMITH BROCKELMAN PLC
mruth@cblawyers.com
*Attorneys for Abrams Capital Management,
L.P., Abrams Capital Management, LLC,
Abrams Capital Partners I, L.P., Abrams
Capital Partners II, L.P., and Abrams Capital,
LLC*

Michael W. Zimmerman
BERRY RIDDELL LLC
mz@berryriddell.com
*Attorneys for Desert Ridge Community
Association*

J. Matthew Derstine and Rebekah L.W. Elliott
Snell & Wilmer L.L.P.
mderstine@swlaw.com
relliott@swlaw.com
*Attorneys for Joseph E. Meyer, Jr., Lisa Ann
Zurcher-Meyer, and J.E. Meyer Investments,
Inc.*

Joseph M. Vanleuven
DAVIS WRIGHT TREMAINE LLP
joevanleuven@dwt.com
*Attorneys for Stuart S Bingham*

Neal H. Bookspan
JABURG & WILK PC
nhb@jaburgwilk.com
*Attorneys for Stuart S Bingham*

64940895.1

| 1 | Vincent P. Slusher | James E. Cross |
| | DRINKER BIDDLE & REATH LLP | CROSS LAW FIRM, PLC |
| 2 | Vince.slusher@dbr.com | jcross@crosslawaz.com |
| 3 | *Attorneys for BV Lending, LLC* | *Attorneys for Barbara A Gray and Bruce W Gray* |
| 4 | | |
| 5 | Stuart B. Rodgers | Grant L. Cartwright |
| | Paul M. Hilkert | MAY POTENZA BARAN & GILLESPIE |
| 6 | LANE & NACH, P.C. | GCaratwright@maypotenza.com |
| | stuart.rodgers@lane-nach.com | *Attorneys for DIP Lender* |
| 7 | paul.hilkert@lane-nach.com | |
| 8 | *Attorneys for R.O.I. Properties, LLC, Liquidating Trustee* | |
| 9 | | |
| 10 | Dale C. Schian and Scott R. Goldberg | Thomas J. Salerno, Alisa C. Lacey, and Anthony P. Cali |
| | SCHIAN WALKER, PLC | STINSON LEONARD STREET LLP |
| 11 | bkdocket@biz.law | Thomas.salerno@stinson.com |
| | *Former Attorneys for Swiss Desert, LLC* | Alisa.lacey@stinson.com |
| 12 | | Anthony.Cali@stinson.com |
| 13 | | *Special Counsel for May Debtors* |
| 14 | | |
| 15 | William J. Quinlan | Thomas Title & Escrow |
| | THE QUINLAN LAW FIRM | Attn.: Cathy Criner |
| 16 | wjq@quinlanfirm.com | VP, Senior Commercial Escrow Officer |
| | *Special Counsel for May Debtors* | 7150 E. Camelback Rd., Suite 195 |
| 17 | | Scottsdale, Arizona 85251 |
| 18 | | CCriner@thomastitle.com |
| 19 | GREENBERG TRAURIG, LLP | |
| 20 | David D. Cleary, AZ SBN 011826 | |
| | clearyd@gtlaw.com | |
| 21 | E. Jeffrey Walsh, AZ SBN 009334 | |
| | walshj@gtlaw.com | |
| 22 | Nicole M. Goodwin, AZ SBN 024593 | |
| 23 | goodwinn@gtlaw.com | |
| | 2375 East Camelback Road, Suite 700 | |
| 24 | Phoenix, Arizona 85016 | |
| 25 | *Attorneys for Emerald Equities, LLC* | |
| 26 | | |
| | By: /s/ Dana Troy_____ | |
| 27 | | |
| 28 | | |

# EXHIBIT "1"

**SO ORDERED.**

Dated: August 23, 2018

*Madeleine C. Wanslee*
_____
**Madeleine C. Wanslee, Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| ☐ EPICENTER PARTNERS L.L.C. (EIN 20-1285677), | Case No. 2:16-bk-05493-MCW |
| ☐ GRAY MEYER FANNIN L.L.C. (EIN 86-1042085), | (Jointly Administered with: |
| ☐ SONORAN DESERT LAND INVESTORS LLC (EIN 86-1042090), | Case No. 2:16-bk-05494-MCW |
| ☐ EAST OF EPICENTER LLC (EIN 20-4226710), | Case No. 2:16-bk-07659-MCW |
| ☐ GRAY PHOENIX DESERT RIDGE II, LLC (EIN 46-3117542), | Case No. 2:16-bk-07660-MCW |
| | Case No. 2:16-bk-07661-MCW) |
| Debtors. | |
| Address: 5515 E. Deer Valley Dr., Phoenix, AZ 85054 | **ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT OF CLAIM ON EXPEDITED BASIS** |
| This Filing Applies to: ☒ All Debtors ☐ Specified Debtor(s) | |

Epicenter Partners L.L.C., Gray Meyer Fannin L.L.C., Sonoran Desert Land Investors LLC; East of Epicenter LLC; and Gray Phoenix Desert Ridge II, LLC, debtors in the above-captioned jointly administered bankruptcy cases ("Debtors"), and R.O.I. Properties, LLC ("Liquidating Trustee") acting through Beth Jo Zeitzer, and Gray Phoenix Desert Ridge I, LLC, ("GPDR I"), by and through their respective counsel, filed a *Joint Motion to Approve Settlement of Claim on Expedited Basis* ("Joint Motion")(DE 1234). The Joint Motion sets forth the terms of a proposed compromise between the Liquidating

Trustee of the May Liquidating Trust and July Liquidating Trust, and the Debtors and GPDR I (the "Compromise"). CPF Vaseo Associates, LLC, filed its *Answer and Objection to Joint Motion to Approve Settlement of Claim on Expedited Basis; And Request for Evidentiary Hearing and Opportunity to Conduct Reasonable Discovery* (DE 1241)(the "CPF Objection"). Emerald Equities, LLC filed its *Opposition to Joint Motion to Approve Settlement of Claim on Expedited Basis and Motion to Expedite Hearing on Accelerated Notice* (DE 1245) ("Emerald Objection"). Counsel for the Debtors served the Court's *Order Expediting Hearing on Accelerated Notice* (DE 1237) by email on those making formal appearances. The Joint Motion came before the Court for expedited hearing on accelerated basis on August 20, 2018, at 1:30 p.m., and in addition to argument of counsel, evidence was presented at the hearing.

On August 22, 2018, after consideration of the Joint Motion, the CPF Objection, the Emerald Objection, the arguments of counsel and evidence presented at the hearing, and for good cause appearing, the Court entered a signed *Minute Entry Order* at DE 1246, setting forth certain findings and conclusions and granting the Joint Motion, and directing the movants to upload a form of order consistent with the Joint Motion and the Minute Entry Order.

WHEREFORE, after consideration of the Joint Motion, the CPF Objection, the Emerald Objection, the argument of counsel and evidence presented at the hearing, and for good cause appearing,

THE COURT INCORPORATES all findings and conclusions set forth in the Minute Entry Order;

**THE COURT FURTHER FINDS** that the Liquidating Trustee entering into the Compromise set forth in the Joint Motion is an appropriate exercise of the Liquidating Trustee's business judgment, that the Compromise is fair, equitable, and in the best interests of the May and July bankruptcy estates and creditors, that the Compromise is proper under

both the Confirmed Plan and under the factors articulated in *In re Woodson*, 839 F.2d 610 (9th Cir. 1987), that the Compromise meets the minimum threshold of reasonableness, that time is of the essence in effectuating the Compromise and any right to satisfy claims under Section 8.9 of the Confirmed Plan, and that exigent circumstances warranted the expedited hearing and notice was proper under the circumstances.

WHEREFORE,

**IT IS ORDERED** as follows:

1.      Granting the Joint Motion and approving the Compromise;

2.      Overruling the CPF Objection;

3.      Overruling the Emerald Objection. The transfer of property under Section 8.9 of the Confirmed Plan will be subject to any continuing liens, claims, and interests of Emerald Equities to the same extent they now exist;

4.      The Liquidating Trustee is expressly authorized to accept the sum of $1,800,000, as set forth in the Joint Motion, as full and complete satisfaction of any and all claims of the May Liquidating Trust and estates against the July Liquidating Trust and estates including scheduled claims of Epicenter Partners and GPDR I;

5.      The Liquidating Trustee is expressly authorized to execute all necessary releases and attendant documents to effectuate the Compromise;

6.      The Liquidating Trustee is expressly authorized, in conjunction with the satisfaction of claims pursuant to Section 8.9 of the Confirmed Plan, to execute all necessary documents, transfers, or conveyances to effectuate Section 8.9 of the Confirmed Plan and to effectuate the transfer of all assets of the July Liquidating Trust and the July estates, including all real and personal property and any claims or causes of action held by the July Liquidating Trust or estates, to the July Debtors, Bruce Gray, or their assigns.

7.      The Liquidating Trustee is expressly authorized to abandon the Burford

Claims to the Debtors, Bruce Gray, or their assigns;

8.  The Liquidating Trustee is expressly authorized to transfer any membership interest in GPDR I held by the May Debtors to Bruce Gray or assigns pursuant to the Compromise.

9.  Waiving, with respect to the Joint Motion and Compromise, the 21-day settlement notice period set forth in Fed R. Bankr. P. 2002(a)(3) and 9019(a);

10. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing transactions referenced in the Joint Motion; and

11. This Order shall be immediately binding and effective against all creditors, other parties-in interest in the Bankruptcy Cases, the Liquidating Trusts, and the Bankruptcy Estates.

**DATED AND SIGNED ABOVE.**

On August 23, 2018, counsel for the
Liquidating Trustee reviewed and
approved this order as directed by
the Minute Entry.

MESCH CLARK ROTHSCHILD

By David J. Hindman, # 24704
     David J. Hindman

Attorneys for Debtor

25G7060

# EXHIBIT "2"



# UNITED STATES BANKRUPTCY COURT
### Dated: August 22, 2018
# FOR THE DISTRICT OF ARIZONA

## Minute Entry Order

*Madeleine C. Wanslee*

Madeleine C. Wanslee, Bankruptcy Judge

### *Hearing Information:*

| | |
|---|---|
| **Debtor:** | EPICENTER PARTNERS L.L.C. |
| **Case Number:** | 2:16-BK-05493-MCW      **Chapter:** 11 |
| **Date / Time / Room:** | MONDAY, AUGUST 20, 2018 01:30 PM     7TH FLOOR #702 |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | CHRISTINA JOHNSON |
| **Reporter / ECR:** | MICHELLE RADICKE-STEVENSON |

### *Matter:*

EXPEDITED HEARING ON DEBTORS' JOINT MOTION TO APPROVE SETTLEMENT OF CLAIM
R / M #:  1,234 /  0

### *Appearances:*

STUART RODGERS/PAUL M. HILKERT, ATTORNEYS FOR ROI PROPERTIES, LLC
FREDERICK J. PETERSEN, ATTORNEY FOR EPICENTER PARTNERS L.L.C.
DEAN C WALDT, ATTORNEY FOR ARIZONA STATE LAND DEPARTMENT
TODD A. BURGESS/JOHN R. CLEMENCY, ATTORNEYS FOR CPF VASEO ASSOCIATES LLC
NEIL STUART, ATTORNEY FOR BRUCE AND BARBARA GRAY

### *Proceedings:*

Mr. Petersen discussed the terms of the order confirming plan that addresses the payoff of claims. He confirmed funds are sitting in an account with Thomas Title ready to be transferred to the trustee to allow the trustee to pay secured claims for the May and July debtors. Mr. Petersen addressed the Woodson factors. He stated his position and responded to CPF's objection. Mr. Petersen believes noticing efforts for the motion is appropriate.

Mr. Rodgers confirmed the May committee has approved the settlement. He stated his position and responded to Mr. Petersen's argument regarding the gap in the recording of the lien. Mr. Rodgers confirmed the trustee's position is to get the unsecured creditors paid. He suggested the court look at the reasonableness of the business judgment.

Mr. Stuart stated his position and echoed the comments of Mr. Rodgers and Mr. Petersen.

Mr. Burgess stated his position in opposition. He discussed the perfection issue and cited case law to support his position. Mr. Burgess urged the court to either deny the motion or take evidence on the issue. He requested an expedited hearing on his recently filed a motion.

A brief recess is afforded. The court will call Ms. Zeitzer to the stand so she can testify as to her efforts with respect to the joint motion to settle. The court is back on the record.

Mr. Petersen just found out over the break that the money is no longer sitting in escrow, however, the funds can be put back in escrow by the title company within 24 hours of receiving an order from this court. He is not sure when the funds were pulled but the lender did not want the funds sitting in escrow awaiting closing.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry Order

BETH JO ZEITZER, was sworn and examined by Mr. Rodgers, cross-examined by Mr. Clemency, and examined by Mr. Petersen. Mr. Clemency re-crossed and Mr. Rodgers re-directed the witness. The court questioned the witness. Mr. Rodgers re-directed and Mr. Clemency re-crossed the witness. The witness stepped down.

A brief recess is afforded. The court is back on the record.

Mr. Petersen, Mr. Rodgers, and Mr. Clemency stated their closing arguments for the record. Mr. Rodgers stated his rebuttal.

COURT: IT IS ORDERED TAKING THIS MATTER UNDER ADVISEMENT.

SUBSEQUENTLY, THE COURT ISSUES ITS RULING.

THE COURT RECEIVED AND REVIEWED EMERALD EQUITIES, LLC'S OPPOSITION TO JOINT MOTION TO APPROVE SETTLEMENT OF CLAIM ON EXPEDITED BASIS AND MOTION TO EXPEDITE HEARING ON ACCELERATED NOTICE FILED AFTER THE HEARING.

AFTER REVIEWING THE CONFIRMATION ORDER AND THE ATTACHED THIRD AMENDED JOINT PLAN AND CONSIDERING MOVANTS' ARGUMENTS AND CPF VASEO ASSOCIATES, LLC'S ANSWER AND OBJECTION, AS WELL AS CONSIDERING THE RIGHTS AND TREATMENT OF EMERALD EQUITIES, LLC, THE COURT FINDS AND CONCLUDES THAT THE PROPOSED SETTLEMENT RESOLVING THE DISPUTE CONCERNING GRAY PHOENIX DESERT RIDGE, I, LLC, A NON-DEBTOR ENTITY MANAGED BY BRUCE GRAY, THE JULY DEBTORS, AND THE LIQUIDATING TRUSTEE CONCERNING SATISFYING ALL CLAIMS AND EXPENSES IN THE JULY ESTATES AND THE JULY LIQUIDATING TRUST IS CONSISTENT WITH THE TERMS OF THE CONFIRMATION ORDER, IS A PROPER EXERCISE OF THE LIQUIDATING TRUSTEE'S BEST BUSINESS JUDGMENT, IS IN THE BEST INTERESTS OF CREDITORS OF THE JULY DEBTORS' ESTATES, AND SHALL BE APPROVED AS PROPOSED.

IN ADDITION TO CAREFULLY CONSIDERING COUNSEL'S ARGUMENTS, THE COURT TOOK EVIDENCE IN THE FORM OF TESTIMONY FROM THE LIQUIDATING TRUSTEE, AND AFFORDED ALL PARTIES IN ATTENDANCE AN OPPORTUNITY TO EXAMINE THE LIQUIDATING TRUSTEE CONCERNING HER DECISION TO SETTLE THE CLAIMS. THE COURT FINDS THAT THE LIQUIDATING TRUSTEE'S TESTIMONY WAS KNOWLEDGEABLE, CREDIBLE, AND HELPFUL, AND THAT THE LIQUIDATING TRUSTEE HAS USED HER BEST BUSINESS JUDGMENT IN DECIDING TO ENTER INTO THE SETTLEMENT AND THAT IT IS IN THE BEST INTEREST OF ALL CREDITORS.

CPF VASEO ARGUES THAT THE LIQUIDATING TRUSTEE HAS NO AUTHORITY TO SETTLE CLAIMS IN THIS CASE. THE COURT OVERRULES CPF VASEO'S OBJECTIONS AND FINDS THAT THE LIQUIDATING TRUSTEE HAS THE EXPRESS AUTHORITY TO SETTLE DISPUTES OF THIS NATURE. SEE E.G., THIRD AMENDED JOINT PLAN AT SECTIONS 8.5 TITLED LIQUIDATING TRUSTS AND 8.6.2 TITLED POWERS OF THE LIQUIDATING TRUSTEE; AND JULY LIQUIDATING TRUST AGREEMENT AT SECTION 11(A) AND (F) TITLED SPECIFIC POWERS OF TRUSTEE.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry Order

CPF VASEO ALSO ARGUES THAT THE LIQUIDATING TRUSTEE HAS NO AUTHORITY TO EXTEND THE DEADLINE SHE PREVIOUSLY SET FOR DEBTORS TO PAY THE CLAIMS. THE CONFIRMATION ORDER AND THE THIRD AMENDED JOINT PLAN ALLOWED THE LIQUIDATING TRUSTEE TO UNILATERALLY SET A DEADLINE FOR THE DEBTORS TO EXERCISE THE OPTION PROVIDED FOR UNDER THE PLAN AND TO PAY ALL CLAIMS AND EXPENSES FOR THE JULY OR THE MAY DEBTORS, OR BOTH. THE PLAN WAS SILENT AS TO WHETHER THE DEADLINE COULD BE EXTENDED FOR A REASONABLE PERIOD. ALONG WITH THE DISCRETION AS TO WHEN TO SET THE DEADLINE, THE LIQUIDATING TRUSTEE HAS THE DISCRETION AND POWER TO GRANT A REASONABLE CONTINUANCE OF THAT DEADLINE, PROVIDED SUCH REASONABLE EXTENSION DOES NOT INTERFERE WITH ANY OTHER PARTY'S SUBSTANTIVE RIGHTS UNDER THE CONFIRMED PLAN. HERE, THE VERY SHORT EXTENSION WAS NECESSARY TO RESOLVE A DISPUTE THAT HAD ARISEN OVER THE PAYOFF PROVIDED FOR BY THE PLAN, WHICH THE LIQUIDATING TRUSTEE TESTIFIED WAS RESOLVED IN DEBTORS' FAVOR. NO PARTY ARGUED THAT THE SHORT EXTENSION WAS PREJUDICIAL. THE COURT FINDS, BASED ON THE ARGUMENTS PRESENTED AND THE TESTIMONY OF THE LIQUIDATING TRUSTEE, THAT THE CONTINUANCE OF THE DEADLINE FROM AUGUST 17 TO AUGUST 28 IS REASONABLE AND THAT THE SHORT EXTENSION DOES NOT INTERFERE WITH ANY PARTY'S SUBSTANTIVE RIGHTS UNDER THE PLAN. FURTHER, CONTRARY TO CPF VASEO'S ARGUMENTS, THE PLAN ITSELF DID NOT ESTABLISH THE PAYOFF DATE AND THUS THE SHORT EXTENSION IS NOT A PLAN MODIFICATION. THE AUTHORITY CITED BY CPF VASEO IS FACTUALLY DISTINGUISHABLE, AND CPF VASEO'S OBJECTION IN THIS REGARD IS OVERRULED.

NEXT, CPF VASEO COMPLAINS THAT THE DEBTORS DID NOT PLACE THE FULL PAYOFF AMOUNT INTO ESCROW BEFORE THE LIQUIDATING TRUSTEE AGREED TO THE SETTLEMENT OR TO EXTEND THE PAYMENT DEADLINE, AND THAT DEBTORS STILL HAD NOT DONE SO AT THE TIME OF THE HEARING. IN CONNECTION WITH EXERCISING THEIR ELECTION UNDER SECTION 8.9, DEBTORS OBTAINED WRITTEN WAIVERS FROM RELATED PARTY ENTITIES AND THIRD-PARTY INVESTORS HOLDING CLAIMS AGAINST THE JULY ESTATES, WHICH CREDITORS HAD AGREED TO WAIVE THEIR RESPECTIVE CLAIMS AND NOT RECEIVE A PAYMENT THROUGH ANY SECTION 8.9 PAYOFF. DEBTORS' COUNSEL ARGUED, AND MADE AN AVOWAL TO THE COURT, THAT THE DEBTORS WERE READY, WILLING AND ABLE TO EXERCISE THE OPTION AND MAKE THE REQUIRED PAYMENT, AS ALLOWED UNDER SECTION 8.9 OF THE CONFIRMED PLAN. THE LIQUIDATING TRUSTEE TESTIFIED THAT THE FUNDS WILL BE PLACED IN ESCROW RATHER THAN DEPOSITED WITH HER AND THAT WHEN HER OFFICE CHECKED WITH THE ESCROW COMPANY ON THE DAY OF THE HEARING, FUNDS WERE NOT IN THE ACCOUNT. SHE ALSO TESTIFIED THAT CPF VASEO WAS AWARE OF THE ARRANGEMENT TO OPEN ESCROW AND DID NOT PREVIOUSLY EXPRESS ANY OPPOSITION TO THOSE ARRANGEMENTS. THE RECORD IS UNCLEAR AS TO WHETHER FUNDS WERE IN ESCROW AT SOME POINT BEFORE THE PAYMENT DEADLINE EXTENSION. THE LIQUIDATING TRUSTEE WAS NOT CONCERNED THAT THE NECESSARY FUNDS WERE NOT IN ESCROW BECAUSE THE PAYMENT DATE WAS EXTENDED AND, IN HER EXPERIENCE, FUNDS ARE NOT NECESSARILY PLACED IN ESCROW PRIOR TO THE REQUIRED DATE. THE COURT FINDS AND CONCLUDES THAT THE DEBTORS OBTAINED A REASONABLE EXTENSION OF TIME TO EXERCISE THEIR RIGHTS UNDER SECTION 8.9 OF THE CONFIRMED PLAN, AND THAT THE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry Order

OPERATIVE TIME WHEN THE FUNDS MUST BE PLACED INTO THE ESCROW ACCOUNT HAS NOT YET OCCURRED. BASED ON THE FOREGOING, THE COURT FINDS AND CONCLUDES THAT CPF VASEO'S OBJECTION THAT THE FUNDS ARE NOT CURRENTLY IN THE ESCROW ACCOUNT ARE WITHOUT MERIT AND ARE OVERRULED.

WITH RESPECT TO EMERALD EQUITIES, LLC, THE COURT NOTES THAT, CONTRARY TO CPF VASEO'S ARGUMENT, THE SETTLEMENT DOES NOT APPEAR TO CHANGE THE TREATMENT OF EMERALD EQUITIES, LLC'S CLASS 7 CLAIM. CPF VASEO ASSERTED AT THE HEARING THAT THE SETTLEMENT DID NOT PROVIDE FOR EMERALD EQUITIES, LLC AND THAT THAT WAS CONTRARY TO THE TERMS OF THE PLAN. EMERALD EQUITIES, LLC FILED ITS CLAIM (NO. 14-1) AS UNKNOWN AND IS UNLIQUIDATED. SECTION 6.7 OF THE PLAN PROVIDES, AMONG OTHER THINGS, THAT (1) "EMERALD EQUITIES, FOR THE BENEFIT OF THE JULY LIQUIDATING TRUST AND ANY ASSIGNEE/SUBSEQUENT OWNER OF THE BLUE SKY PROPERTY UNDER THE PLAN, SHALL HONOR AND PERFORM ALL OF ITS DUTIES AND OBLIGATIONS UNDER THE EMERALD EQUITIES LETTER AGREEMENT," (2) THAT "THE LIQUIDATING TRUSTEE AND ANY ASSIGNEE/SUBSEQUENT OWNER OF THE BLUE SKY PROPERTY UNDER THE PLAN, AND EMERALD EQUITIES WILL WORK TOGETHER IN GOOD FAITH TO EFFECTUATE THE TERMS AND SPIRIT OF THE ORIGINAL EMERALD EQUITIES LETTER AGREEMENT", AND (3) THAT THE "LIQUIDATING TRUSTEE AND EMERALD EQUITIES WILL NEGOTIATE IN GOOD FAITH IN AN EFFORT TO RESOLVE EMERALD EQUITIES' CLAIM FOR ATTORNEYS' FEES AND COSTS." AFTER ALL MATTERS ARE RESOLVED, WITH OR WITHOUT FURTHER ADJUDICATION BY THE BANKRUPTCY COURT, THE LIS PENDENS SUIT CURRENTLY STAYED IN THE MARICOPA COUNTY SUPERIOR COURT WILL BE DISMISSED. WHETHER THE EVENTUAL PROPERTY OWNER UNDER THE PLAN WAS DEBTORS, CPF VASEO OR SOME OTHER ENTITY, EMERALD EQUITIES, LLC WAS GOING TO HAVE TO WORK WITH THAT OWNER. THE JULY DEBTORS' ELECTION FOUND IN SECTION 8.9 PROVIDED FOR THE POSSIBILITY THAT DEBTORS WOULD SATISFY ALL CLAIMS AGAINST EITHER OR BOTH THE MAY AND JULY DEBTOR ESTATES AND THE EXPENSES OF THE RESPECTIVE LIQUIDATING TRUSTS IN EXCHANGE FOR PROPERTY OF THE RESPECTIVE ESTATES VESTED IN THE LIQUIDATING TRUSTS AND THE ESTATES. THAT IS WHAT DEBTORS ARE NOW SEEKING TO ACCOMPLISH AND THERE IS NOTHING IN JULY DEBTORS' EXERCISE OF THE PAYOFF OPTION OR THE LIQUIDATING TRUSTEE'S SETTLEMENT THAT ALTERS THE PLAN TREATMENT OR ANY RIGHTS OF EMERALD EQUITIES, LLC. ALL PARTIES MUST STILL PERFORM UNDER THE PLAN AND THE PROPERTY WILL TRANSFER WITH ANY DISPUTE PRESERVED, AS IT WILL RUN WITH THE LAND. THE POSSIBILITY THAT EMERALD EQUITIES, LLC MAY NOT WANT TO NEGOTIATE WITH THE GRAY ENTITIES IS NOT GROUNDS TO REJECT THE LIQUIDATING TRUSTEE'S PROPER EXERCISE OF HER BEST BUSINESS JUDGMENT.

THE COURT FURTHER NOTES THAT CPF VASEO HAS FILED A MOTION TO ENFORCE PLAN AND OBJECTION TO LIQUIDATING TRUSTEE'S UNILATERAL NOTICE PURPORTING TO EXTEND PLAN DEADLINE FOR DEBTORS TO SATISFY ALL CLAIMS AGAINST THE MAY AND JULY DEBTORS' ESTATES. CPF VASEO ASKS THE COURT TO SET THE MATTER FOR HEARING AND ARGUES THAT THE LIQUIDATING TRUSTEE DID NOT HAVE THE AUTHORITY TO EXTEND THE DEADLINE FOR DEBTORS TO SATISFY ALL CLAIMS BECAUSE THE PLAN REQUIRED THE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry Order

LIQUIDATING TRUSTEE TO SET AND GIVE NOTICE OF A DEADLINE FOR THE DEBTORS TO
SATISFY CLAIMS.  CPF VASEO STATES THAT BECAUSE THE TRUSTEE LACKED AUTHORITY TO
EXTEND THE DEADLINE, THE ORIGINAL DEADLINE OF AUGUST 17, 2018 APPLIES AND THE
DEBTORS FAILED TO MAKE THE PAYMENT.  THE COURT HAS ALREADY RULED THAT THE
SECOND AMENDED PLAN DID NOT REQUIRE THE LIQUIDATING TRUSTEE TO SET THE
DEADLINE BY A SPECIFIC DATE, AND THAT THE TRUSTEE HAD DISCRETION IN SETTING THE
DEADLINE.  THE COURT HAS ALSO FOUND THAT THE LIQUIDATING TRUSTEE HAS THE
ABILITY, PRIMARILY BECAUSE THE PLAN DID NOT SPECIFY ONE WAY OR THE OTHER, TO
EXTEND THE DEADLINE WITHIN A REASONABLE PERIOD.  ACCORDINGLY, THE COURT
CONCLUDES THAT THE CENTRAL ISSUE RAISED IN CPF VASEO'S MOTION TO ENFORCE PLAN,
WHETHER THE LIQUIDATING TRUSTEE MAY EXTEND THE DEADLINE, HAS ALREADY BEEN
DETERMINED BY THE COURT, AND CPF VASEO'S MOTION IS MOOT.  ACCORDINGLY, NO
HEARING WILL BE SET.

THE COURT IS MINDFUL THAT THIS MATTER WAS SET FOR HEARING ON AN ACCELERATED
BASIS, GIVING INTERESTED PARTIES LITTLE TIME TO ASSESS THE SETTLEMENT.  EVEN SO,
CPF VASEO FILED A COMPREHENSIVE 16 PAGE OBJECTION.  EMERALD EQUITIES, LLC HAS
COMPLAINED THAT IT HAS NOT HAD AN ADEQUATE OPPORTUNITY TO OBJECT TO THE JOINT
MOTION.  HOWEVER, AS DISCUSSED ABOVE, CPF VASEO MADE FORCEFUL ARGUMENTS ON
ITS BEHALF AND THE COURT FINDS AND CONCLUDES THAT EMERALD EQUITIES, LLC'S
RIGHTS AND RESPONSIBILITIES REMAIN THE SAME UNDER THE SETTLEMENT.  ALL PARTIES
HAD THE OPPORTUNITY TO MAKE THEIR ARGUMENTS IN OPEN COURT AND THE HEARING
LASTED NEARLY THREE HOURS.  THE COURT FINDS AND CONCLUDES THAT THE JOINT
MOVANTS PRESENTED A COGENT EXPLANATION OF THE EXIGENT CIRCUMSTANCES THAT
WARRANTED THE EXPEDITED HEARING AND THAT THE NOTICE GIVEN WAS PROPER UNDER
THE CIRCUMSTANCES.

FINALLY, BECAUSE THE MAY COMMITTEE HAS ALREADY APPROVED THE LIQUIDATING
TRUSTEE ENTERING INTO THIS SETTLEMENT PURSUANT TO THE JULY LIQUIDATING TRUSTEE
AGREEMENT, COURT APPROVAL IS NOT REQUIRED.  NOTWITHSTANDING, THE COURT WILL
ENTER AN ORDER AUTHORIZING THE COMPROMISE BECAUSE THIS MATTER CONSTITUTES A
"MAJOR DECISION" UNDER THAT AGREEMENT.  HAVING FOUND THAT THE SETTLEMENT IS
FAIR, EQUITABLE AND IN THE BEST INTERESTS OF THE CREDITORS, AND PROPER UNDER
BOTH THE PLAN AND UNDER THE FACTORS ARTICULATED IN IN RE WOODSON, 839 F.2D 610
(9TH CIR. 1987), THE COURT DIRECTS MOVANTS TO UPLOAD A FORM OF ORDER CONSISTENT
WITH THE JOINT MOTION AND THIS MINUTE ENTRY.

HONORABLE MADELEINE C. WANSLEE
DATED AND SIGNED ABOVE

# Notice Recipients

District/Off: 0970-2          User: stangretw          Date Created: 8/24/2018
Case: 2:16-bk-05493-MCW       Form ID: pdf008          Total: 76

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | |
|---|---|
| intp | Gray Meyer Fannin LLC |
| cr | Desert Ridge Community Association |
| crcm | OFFICIAL COMMITTEE OF UNSECURED CREDITORS |
| intp | Abrams Capital LLC |
| intp | Abrams Capital Partners II LP |
| intp | Abrams Capital Partners I LP |
| intp | Abrams Capital Management LLC |
| intp | Abrams Capital Management LP |
| intp | BV Lending, LLC |
| op | ROI Properties, Inc., acting by and through Beth Jo Zeitzer, Liquidating Trustee for the May Liquidating Trust for the Estates of the May Debtors, Epicenter Partners, LLC and Gray Meyer Fannin, LLC |
| cr | Gray Phoenix Desert Ridge I, LLC |

TOTAL: 11

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | U.S. TRUSTEE | USTPRegion14.PX.ECF@USDOJ.GOV |
| aty | ANTHONY P. CALI | anthony.cali@stinson.com |
| aty | DALE C. SCHIAN | bkdocket@biz.law |
| aty | DANIEL GARFIELD DOWD | ddowd@cdqlaw.com |
| aty | DAVID D. CLEARY | clearyd@gtlaw.com |
| aty | DAVID JEFFREY HINDMAN | ecfbk@mcrazlaw.com |
| aty | DAWN M. MAGUIRE | dmaguire@gamlaw.com |
| aty | DEAN C WALDT | waldtd@ballardspahr.com |
| aty | EDWARD K. BERNATAVICIUS | edward.k.bernatavicius@usdoj.gov |
| aty | FREDERICK J. PETERSEN | ecfbk@mcrazlaw.com |
| aty | Grant L. Cartwright | gcartwright@maypotenza.com |
| aty | ISAAC D. ROTHSCHILD | ecfbk@mcrazlaw.com |
| aty | JEFFREY J COE | |
| aty | JOHN R. CLEMENCY | jclemency@polsinelli.com |
| aty | JOSEPH M. VANLEUVEN | joevanleuven@dwt.com |
| aty | JUSTIN J. HENDERSON | JHenderson@lrrc.com |
| aty | KLAUS PETER MUTHIG | muthigk@mcao.maricopa.gov |
| aty | LINDSI M. WEBER | LWeber@Polsinelli.com |
| aty | LORI A LEWIS | |
| aty | MARVIN C. RUTH | mruth@cblawyers.com |
| aty | MICHAEL S MYERS | myersms@ballardspahr.com |
| aty | MICHAEL W. CARMEL | michael@mcarmellaw.com |
| aty | MICHAEL W. MCGRATH | ecfbk@mcrazlaw.com |
| aty | MICHAEL W. ZIMMERMAN | mz@berryriddell.com |
| aty | NEAL H. BOOKSPAN | nhb@jaburgwilk.com |
| aty | PATRICK A CLISHAM | pac@eblawyers.com |
| aty | PAUL M. HILKERT | paul.hilkert@lane-nach.com |
| aty | REBEKAH L.W. ELLIOTT | relliott@swlaw.com |
| aty | SCOTT B. COHEN | SBC@ENGELMANBERGER.COM |
| aty | SCOTT R. GOLDBERG | bkdocket@biz.law |
| aty | STEVEN N BERGER | snb@eblawyers.com |
| aty | STUART 1 RODGERS | stuart.rodgers@lane-nach.com |
| aty | STUART BRADLEY RODGERS | stuart.rodgers@lane-nach.com |
| aty | THOMAS J. SALERNO | thomas.salerno@stinson.com |
| aty | TODD A. BURGESS | taburgess@polsinelli.com |
| aty | VINCENT P SLUSHER | vince.slusher@dbr.com |
| aty | WILLIAM JOHN QUINLAN | wjq@quinlanfirm.com |

TOTAL: 37

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | EPICENTER PARTNERS L.L.C. | 5515 EAST DEER VALLEY DRIVE      PHOENIX, AZ 85054 |
| cr | LLC CPF Vaseo Associates | 18201 Von Karman Ave., Ste. 950      Irvine, CA 92612 |
| cr | ARIZONA STATE LAND DEPARTMENT | Ballard Spahr LLP      c/o Dean Waldt      1 E. Washington St, Suite 2300      Phoenix, AZ 85004 |
| cr | Maricopa County Treasurer's Office | 222 N. Central Avenue, Suite 1100      Phoenix, AZ 85004 |
| intp | GRAY MEYER FANNIN LLC | 5515 EAST DEER VALLEY DRIVE      PHOENIX, AZ 85054 |
| intp | GRAY PHOENIX DESERT RIDGE II LLC | 5515 E. DEER VALLEY DR.      PHOENIX, AZ 85054 |
| intp | EAST OF EPICENTER LLC | 5515 E. DEER VALLEY DR.      PHOENIX, AZ 85054 |
| intp | SONORAN DESERT LAND INVESTORS LLC | 5515 E. DEER VALLEY DR.      PHOENIX, AZ 85054 |
| intp | Stuart S Bingham | c/o Joseph M. VanLeuven      Davis Wright Tremaine LLP      1300 SW Fifth Avenue      Suite 2400      Portland, OR 97201 |

| | | | |
|---|---|---|---|
| intp | GUEFEN DEVELOPMENT COMPANY      C/O SCHIAN WALKER, PLC      1850 N. CENTRAL AVE. #900      PHOENIX, AZ 85004−4531 | | |
| cr | Emerald Equities LLC      Greenberg Traurig LLP      2375 E. Camelback Road      Suite 700      Phoenix      AZ, 85016 US | | |
| aty | Guttilla Murphy Anderson      5415 East High Street      Suite 200      Phoenix, AZ 85054 | | |
| op | Beus Gilbert PLLC      Beus Gilbert PLLC      701 N. 44th Street      Phoenix, AZ 85008 | | |
| intp | J.E. MEYER INVESTMENTS, INC.      c/o Rebekah L.W. Elliott      Snell & Wilmer L.L.P.      1 AZ Ctr., 400 E. Van Buren      Phoenix, AZ 85004−2202 | | |
| intp | LISA ANN ZURCHER−MEYER      c/o Rebekah L.W. Elliott      Snell & Wilmer L.L.P.      1 AZ Ctr., 400 E. Van Buren      Phoenix, AZ 85004−2202 | | |
| intp | JOSEPH E. MEYER, JR.      c/o Rebekah L.W. Elliott      Snell & Wilmer L.L.P.      1 AZ Ctr., 400 E. Van Buren      Phoenix, AZ 85004−2202 | | |
| intp | Constantino Flores      Guttilla Murphy Anderson, P.C.      Dawn M. Maguire      5415 E. High St., Suite 200      Phoenix, AZ 85054 | | |
| intp | BARBARA A GRAY      6001 N. 51st Place      Paradise Valley, AZ 85253 | | |
| intp | BRUCE W GRAY      6001 N. 51st Place      Paradise Valley, AZ 85253 | | |
| aty | Stinson Leonard Street, LLP      1850 N. Central Ave.      Suite 2100      Phoenix, AZ 85004 | | |
| intp | Michael W. Carmel, Ltd.      80 East Columbus Avenue      Phoenix, AZ 85012−2334 | | |
| intp | SWISS DESERT, LLC      DRINKER BIDDLE & REATH LLP      VINCENT P SLUSHER ESQ      1717 MAIN ST STE 5400      DALLAS, TX 75201 | | |
| unk | SCHIAN WALKER, PLC      1850 N. CENTRAL AVE., #900      Phoenix, AZ 85004 | | |
| tr | ROI PROPERTIES, LLC, Liquidating Trustee of the May and July Liquidating Trusts      c/o Lane & Nach, P.C.      2001 East Campbell, Suite 103      PHOENIX, AZ 85016 | | |
| intp | HIGH STREET BUILDINGS LLC      c/o Justin J. Henderson      Lewis Roca Rothgerber Christie LLP      201 E Washington St, #1200      Phoenix, AZ 85004 | | |
| aty | D ROSS MARTIN      ROPES & GRAY LLP      PRUDENTIAL TOWER 800 BOYLSTON STREET      BOSTON, MA 02199−3600 | | |
| aty | FRANKLYN D. JEANS      BEUS GILBERT PLLC      4800 N. SCOTTSDALE RD, #6000      SCOTTSDALE, AZ 85251 | | |
| aty | PATRICK A. JACKSON      DRINKER BIDDLE & REATH LLP      222 DELAWARE AVE., STE. 1410      WILMINGTON, DE 19801 | | |

TOTAL: 28

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**RE:** EPICENTER PARTNERS L.L.C., GRAY MEYER FANNING L.L.C., SONORAN
DESERT LAND INVESTORS LLC, EAST OF EPICENTER LLC, GRAY PHOENIX DESERT
RIDGE II, LLC

   **Appellant:** CPF Vaseo Associates, LLC

   **BAP No.:** AZ-18-1231

   **Bk. No.:** 2:16-bk-05493                         **Adv. No.(s):**

## OPENING LETTER

Notice of Appeal in this case has been received by the Bankruptcy Appellate Panel (BAP) and
assigned the case number above.

Electronic filing using the BAP's Case Management/Electronic Case Filing (CM/ECF) docketing
system is **mandatory** for all attorneys. Please review the Administrative Order Regarding
Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov for
further information.

For non-attorneys, all papers filed with the BAP should be in the form of an original and three
copies.

The BAP docket and other court information is available through the National PACER system.
http://www.bap9.uscourts.gov

Enclosed are the 9th Cir. BAP Rules governing practice before the BAP. Appeals are also
governed by Parts VIII and IX of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), and
some parts of the Federal Rules of Appellate Procedure (F.R.A.P.) See 9th Cir. BAP Rule 8026-1.

Pursuant to 9th Cir. Rule 8003-1, please immediately send the BAP Clerk a copy of the signed
and entered order or judgment being appealed if it was not attached to your notice of appeal.

After a Notice of Appeal has been filed, the parties' next step in prosecuting this appeal is
compliance with F.R.B.P 8009, which require Appellant to file within 14 days in the bankruptcy
court a designation of the record, statement of issues on appeal, and a notice regarding the
ordering of transcripts. Under these rules Appellee may also file a supplemental designation of
the record and order transcripts. The party ordering the transcripts must make satisfactory
arrangements for payment of their costs.

Even if transcripts are not ordered, Appellant is required to file with the bankruptcy court a notice stating that none are required. See also 9th Cir. BAP R. 8009-1.

The parties should note that the designation of the record under F.R.B.P. 8009 is a necessary procedural step in prosecuting an appeal and the parties may not later include in their excerpts of the record documents which have not been designated.

The record and bankruptcy file remain with the Clerk of the bankruptcy court and the Panel reviews only those items which are reproduced and included in the excerpts of the record filed at the time of the briefs. While the Panel may call up the formal record, in practice this rarely occurs.

Further, it is the parties' responsibility to monitor the appeal to ensure that transcripts are timely filed and the record is completed in a timely manner. Under F.R.B.P. 8010(a)(2)(C), the court reporter is required to file transcripts within 30 days of receipt of the parties' request, unless an extension has been granted.

After the record is complete, the Clerk of the bankruptcy court will send a Certificate of Record, sometimes referred to as a Certificate of Readiness or Certificate of Transcripts, to the BAP Clerk.

Appeals are set for hearing in the bankruptcy district from which the appeal arose whenever feasible. To expedite the appeal or if the parties feel argument is unnecessary, they may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument. The Panel will also consider stipulations requesting an alternative hearing location or hearing by telephone conference. Such motions should be filed at the earliest possible scheduled date, generally with the opening brief, as once a case has been scheduled for argument, continuance and request of change time and place are rarely granted.

<u>CERTIFICATE OF MAILING</u>

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was transmitted this date to all parties of record to this appeal.

**By:** Patti Ippolito, Deputy Clerk

**Date:** August 31, 2018

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**To:** Clerk, Bankruptcy Court
**Debtor(s):** EPICENTER PARTNERS L.L.C., GRAY MEYER FANNING L.L.C., SONORAN
DESERT LAND INVESTORS LLC, EAST OF EPICENTER LLC, GRAY PHOENIX DESERT
RIDGE II, LLC
**BAP No.:** AZ-18-1231
**Bk. Ct. No.:** 2:16-bk-05493                              **ADV. NO.:**

**INTERNAL Bk. Ct. NO.:** \*\*\*

The Bankruptcy Appellate Panel has received and docketed the notice of appeal referenced in the
attached transmittal. The BAP case number is indicated above for your information.

If completion of the record has been delayed, please advise us as to the cause of the delay by
completing the following checklist and sending a copy of this letter back to us:

**IF THE RECORD ON APPEAL IS COMPLETE, PLEASE SEND THE CERTIFICATE
OF READINESS**

Susan M Spraul, BAP Clerk

**By:** Patti Ippolito, Deputy Clerk
**Date:** August 31, 2018

**A) REASONS WHY THE RECORD HAS NOT BEEN COMPLETED. THE FOLLOWING ITEMS HAVE NOT
BEEN FILED:**

[ ]   No Filing Fees paid
[ ]   No Designation of Record
[ ]   No Statement of Issues
[ ]   No Notice Regarding the Transcript
[ ]   No Reporter's Transcript(s)

      Reporter name:_____
      phone:_____
      Judge:_____
      Transcript date(s):_____

[ ]   No Transcript Fees paid
[ ]   Extension of Time Granted to Reporter:
      New deadline:_____
[ ]   Other:_____

**B) DEPUTY CLERK PROCESSING THIS APPEAL**

1. Name:_____
2. Phone:_____
3. Date:_____

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re: EPICENTER PARTNERS L.L.C.;
GRAY MEYER FANNIN L.L.C.;
SONORAN DESERT LAND INVESTORS
LLC; EAST OF EPICENTER LLC; GRAY
PHOENIX DESERT RIDGE II, LLC

Debtors

------------------------------

CPF VASEO ASSOCIATES, LLC

Appellant

v.

EPICENTER PARTNERS L.L.C.; GRAY
PHOENIX DESERT RIDGE II, LLC; GRAY
MEYER FANNIN L.L.C.; SONORAN
DESERT LAND INVESTORS LLC; EAST
OF EPICENTER LLC; BRUCE GRAY;
GRAY PHOENIX DESERT RIDGE I, LLC;
EMERALD EQUITIES, LLC; ROI
PROPERTIES, INC.

Appellees

BAP No. AZ-18-1231

Bankr. No. 2:16-bk-05493
Chapter 11

August 31, 2018

## BRIEFING ORDER
### (Prompt Action Required)

Unless otherwise ordered by this court, the parties to this appeal shall timely complete all of the briefing deadlines set forth below. Failure of the parties to comply with these deadlines may result in dismissal of this appeal or in the imposition of other sanctions. These deadlines control and supersede any briefing deadlines set forth in the Federal Rules of Bankruptcy Procedure ("FRBP").

**Last day for appellant(s) to file opening brief and appendix: October 15, 2018.**
**Last day for appellee(s) to file responsive brief and appendix: Twenty-one days after service of appellant's opening brief.**

**Last day for appellant(s) to file optional reply brief: Fourteen days after service of appellee's reply brief.**

Requirements for filing a brief, an appendix (excerpts of the record), and required certificates are set forth in FRBP 8014, 8015 and 8018, and Ninth Circuit BAP Rules 8018(a)-1, 8018(b)-1, and 8015(a)-1. See also 9th Cir. BAP Rule 8009-1 (describing requirements for the inclusion of transcripts in the excerpts of the record).

Briefs in this case shall not exceed the following page limits:
    **Appellant(s)' opening brief shall not exceed 30 pages.**
    **Appellee(s)' opening brief shall not exceed 30 pages.**
    **Appellant(s)' optional reply brief shall not exceed 15 pages.**
The page limits set forth herein supersede those set forth in Ninth Circuit BAP Rule 8015(a)-2. Parties may also choose to comply with the type-volume limitations set forth in FRBP 8015(a)(7).

Attorneys must file briefs and excerpts of record electronically via ECF. See the Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov. Colored covers and additional copies are not required for electronically filed briefs and excerpts of record.

Parties not required to file electronically need only file an original brief and appendix (excerpts of record). This supersedes the requirements for additional copies in BAP Rule 8018(a)-1 and 8018(b)-1.

The parties generally should expect that oral argument will occur shortly after briefing is completed. Please refer to the attached materials regarding advance consideration of issues concerning oral argument.

**FAILURE OF APPELLANT TO TIMELY PROVIDE AN ADEQUATE OPENING BRIEF AND ADEQUATE EXCERPTS OF THE RECORD IN COMPLIANCE WITH THE GOVERNING RULES MAY RESULT IN DISMISSAL OF THE APPEAL, OR IN SUMMARY AFFIRMANCE OF THE RULING ON APPEAL.** See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187 (9th Cir. 2003).

FOR THE PANEL,

Susan M Spraul
Clerk of Court

## SUMMARY OF REQUIREMENTS FOR BRIEFS AND EXCERPTS OF THE RECORD

This Summary is intended to help the parties file their briefs and appendix in the proper format, but it is not a substitute for reading and complying with all of the procedural rules listed in the Briefing Order, which rules govern the format and content of each brief and appendix. Briefs that do not comply with national and local rules may not be accepted for filing. Your attention is particularly called to the following requirements:

LENGTH -- Thirty pages for the opening briefs of appellant and appellee. Fifteen pages for appellant's reply brief, if any. Parties may also choose to comply with the type-volume limitations set forth in FRBP 8015(a)(7).

NUMBER -- For non-electronic filers: a signed original brief and one excerpt of record; for electronic filers: no paper copies of the brief or excerpts of the record.

APPENDIX (Excerpts of The Record) -- The parties are required to include copies of all relevant documents from the bankruptcy court record, including transcripts, in their excerpts.

FORMAT OF APPENDIX -- A paper appendix must comply with the requirements of 9th Cir. BAP Rule 8018 (b) - 1. FAILURE TO TAB ALL DOCUMENTS IN THE APPENDIX, TO CONTINUOUSLY PAGINATE THE ENTIRE APPENDIX, AND TO PROVIDE A TABLE OF CONTENTS IN THE FORM SPECIFIED IN THE ABOVE-REFERENCED RULE MIGHT SEVERELY HAMPER THE PANEL'S REVIEW OF THE ISSUES ON APPEAL. An electronic appendix must comply with Rule 3 of the Order Regarding Electronic Filing in BAP Cases available on the BAP website www.bap9.uscourts.gov.

CERTIFICATES -- Both appellant's and appellee's opening brief must contain a Certificate of Interested Parties. Appellants brief must also contain a Certificate of Related Cases.

CALCULATION OF TIME -- Paper briefs are deemed filed on the day of mailing. FRBP 8011(a)(2). Electronic briefs are deemed filed when the filing is successfully completed. See Rule 7 of the Administrative Order Regarding Electronic Filing in BAP Cases.

## ADVANCE CONSIDERATION OF ISSUES CONCERNING ORAL ARGUMENT

While the parties are briefing, the BAP is considering where and when to set oral argument. Because the BAP seeks to set argument as soon as practical after briefing is completed, any stipulations, motions or notices concerning oral argument should be filed at the earliest possible time, generally with a party's first brief. While appeals typically are set for hearing in the bankruptcy district from which the appeal arose whenever feasible, the parties may file a stipulation or motion requesting an alternative hearing location or a hearing by telephone or video conference. The parties also may file a stipulation or motion to submit their appeal on the briefs and record, thereby waiving oral argument.

All parties should carefully review the dates on the BAP's annual hearing calendar located on the BAP's website: http://www.bap9.uscourts.gov. This calendar contains dates that the BAP judges have set aside for argument, and it is likely that your appeal will be set for hearing on one of these dates. If a party knows or suspects that he or she will be unavailable on one of these dates, he or she should file as soon as possible a notice of unavailability, stating the dates on which he or she is unavailable. Once a case has been scheduled for argument, continuances and requests to change time or place are rarely granted.

CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

By: Patti Ippolito, Deputy Clerk
Date: August 31, 2018

1 | **LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
2 | Phoenix AZ 85016
Telephone No.: (602) 258-6000
3 | Facsimile No.: (602) 258-6003

4 | Stuart B. Rodgers – 027520
Email: stuart.rodgers@lane-nach.com
5 | Paul M. Hilkert – 028934
Email: paul.hilkert@lane-nach.com
6 |
7 | Attorneys for R.O.I. Properties, LLC, Liquidating Trustee

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### FOR THE NINTH CIRCUIT

In re:

EPICENTER PARTNERS, L.L.C.; GRAY MEYER FANNIN, L.L.C.; SONORAN DESERT LAND INVESTORS, LLC; EAST OF EPICENTER, LLC; GRAY PHOENIX DESERT RIDGE II, LLC,

Debtors.

CPF VASEO ASSOCIATES, LLC.

Appellant.

v.

EPICENTER PARTNERS, L.L.C; GRAY MEYER FANNIN, L.L.C; SONORAN DESERT LAND INVESTORS, LLC;  EAST OF EPICENTER, LLC; GRAY PHOENIX DESERT RIDGE II, LLC.,

Appellees.

BAP NO. AZ-18-1231

Bankr. No. 2-16-bk-05493-MCW

(Chapter 11)

**LIQUIDATING TRUSTEE'S STATEMENT OF ELECTION**

R.O.I. Properties, LLC ("Liquidating Trustee"), acting through Beth Jo Zeitzer, by and through her attorneys undersigned, herein elects pursuant to 28 U.S.C. §158(c)(1)(B) and Bankruptcy Rule 8005(c) to have CPF Vaseo Associates' appeal of this Court's Order, Minute Entry [DE 1246] and Order Granting Joint Motion to Approve Settlement Claim on an Expedited Basis [DE 1252] to be heard by the United States District Court for the District of Arizona.

RESPECTFULLY SUBMITTED this <u>10th</u> day of September, 2018.

**LANE & NACH, P.C.**


By <u>/s/ Stuart B. Rodgers</u>
                        Stuart B. Rodgers
                        Paul M. Hilkert
                        Attorneys for Liquidating Trustee

Copy of the foregoing delivered via
electronic Court notification to all parties
that requested notice in these cases and
COPIES were e-mailed to the following parties:

| | |
|---|---|
| Michael J. Phalen<br>LEWIS ROCA ROTHGERBER CHRISTIE<br>Email: <u>MPhalen@lrrc.com</u><br>*Attorneys for High Street Building LLC* | Todd M. Gooding<br>SCANLANKEMPERBARD<br>Email: <u>tgooding@skbcos.com</u> |
| Michael McGrath, Frederick J. Petersen,<br>Jeffrey J. Coe, Isaac D. Rothschild, David<br>Hindman<br>MESCH CLARK ROTHSCHILD<br><u>mmcgrath@mcrazlaw.com</u><br><u>fpetersen@mcrazlaw.com</u><br><u>jcoe@mcrazlaw.com</u><br>*Prior Attorneys for Prior Debtors* | Steven N. Berger, Patrick A. Clisham, Scott B.<br>Cohen<br><u>snb@eblawyers.com</u><br><u>pac@eblawyers.com</u><br><u>sbc@eblawyers.com</u><br>*Former Attorneys for Official Committee of<br>Unsecured Creditor and Administrative Creditor* |
| Dean C. Waldt<br>BALLARD SPAHR LLP<br><u>waldtd@ballardspahr.com</u><br>*Attorneys for Arizona State Land<br>Department* | Edward K. Bernatavicius<br>OFFICE OF THE U.S. TRUSTEE<br><u>Edward.k.bernatavicius@usdoj.gov</u> |
| David D. Cleary<br><u>clearyd@gtlaw.com</u><br>*Attorneys for Emerald Equities, LLC* | Peter Muthig<br><u>muthigk@mcao.maricopa.gov</u><br>*Attorneys for Maricopa County Treasurer's Office* |
| Dawn M Maguire<br>GUTTILLA ANDERSON MURPHY, PC<br><u>dmaguire@gamlaw.com</u><br>*Attorneys for Constantino Flores, Chapter 7<br>Trustee for the bankruptcy estate of GDG<br>Partners, LLC* | Marvin C. Ruth<br>COPPERSMITH BROCKELMAN PLC<br><u>mruth@cblawyers.com</u><br>*Attorneys for Abrams Capital Management, L.P.,<br>Abrams Capital Management, LLC, Abrams Capital<br>Partners I, L.P., Abrams Capital Partners II, L.P.,<br>and Abrams Capital, LLC* |

2

1   Michael W. Zimmerman                          J. Matthew Derstine, Rebekah L.W. Elliott
    BERRY RIDDELL LLC                             SNELL & WILMER L.L.P.
2   mz@berryriddell.com                           mderstine@swlaw.com
3   *Attorneys for Desert Ridge Community*        relliott@swlaw.com
    *Association*                                 *Attorneys for Joseph E. Meyer, Jr., Lisa Ann*
                                                  *Zurcher-Meyer, and J.E. Meyer Investments, Inc.*
4   Joseph M. Vanleuven                           Neal H. Bookspan
    DAVIS WRIGHT TREMAINE LLP                     JABURG & WILK PC
5   joevanleuven@dwt.com                          nhb@jaburgwilk.com
    *Attorneys for Stuart S Bingham*              *Attorneys for Stuart S Bingham*
6
7   Vincent P. Slusher                            Daniel Dowd
    DRINKER BIDDLE & REATH LLP                    COHEN DOWD QUIGLEY
8   Vince.slusher@dbr.com                         DDowd@cdqlaw.com
    *Attorneys for BV Lending, LLC*               *Attorneys for Barbara A Gray and Bruce W Gray*
9
    Grant L. Cartwright |                          John R. Clemency
10  MAY POTENZA BARAN & GILLESPIE                 Todd A. Burgess
    GCartwright@maypotenza.com                    Lindsi M. Weber
11  *Attorneys for DIP Lender*                    POLSINELLI PC
                                                  taburgess@polsinelli.com
12                                                jclemency@polsinelli.com
                                                  lweber@polsinelli.com
13                                                *Attorneys for CPF*
    William Quinlan                               Thomas J. Salerno
14  Kenneth M. Sullivan                           Jeffrey Goulder
    THE QUINLAN LAW FIRM, LLC                     STINSON LEONARD STREET, LLP
15  wjq@quinlanfirm.com                           thomas.salerno@stinson.com
    ksullivan@quinlanfirm.com                     jeffrey.goulder@stinson.com
16
17  David D. Cleary, E. Jeffrey Walsh, Nicole
    M. Goodwin
18  GREENBERG TRAURIG, LLP
    clearyd@gtlaw.com
    walshj@gtlaw.com
19  goodwinn@gtlaw.com
    *Attorneys for Emerald Equities, LLC*
20

21
22  /s/     Sheila Rochin
            Sheila Rochin
23

            3

# U.S. Bankruptcy Appellate Panel
# of the Ninth Circuit

125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California (626) 229-7220
Appeals from all other Districts (626) 229-7225

**In Re:** EPICENTER PARTNERS L.L.C.;
GRAY MEYER FANNIN L.L.C.;
SONORAN DESERT LAND INVESTORS          **BAP No.:  AZ-18-1231**
LLC; EAST OF EPICENTER, LLC &
GRAY PHOENIX DESERT RIDGE II, LLC

**Bk. Ct. No.:**  2:16-bk-05493

## NOTICE OF TRANSFER OF APPEAL TO DISTRICT COURT

A party to the appeal has timely filed an objection (*statement of election*) to the disposition of this matter by the Bankruptcy Appellate Panel. See 28 USC Section 158. Consequently, this appeal is herewith transferred to the U.S. District Court (*Phoenix, Arizona*).

Please acknowledge receipt of the case file listed above by signing and returning a copy of this transmittal form.

Susan M Spraul, BAP Clerk

By: Vincent Barbato, Deputy Clerk
Date: September 11, 2018

Please acknowledge receipt of
the case file listed above.
Dated:_____

Signed:_____
            District Court Deputy

Assigned District Court No.

_____

cc: Bankruptcy Court
      All Parties