**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CPF Vaseo Associates LLC, | ) | No. CV-18-02857-PHX-SPL |
| Appellant, | ) | |
| vs. | ) | **ORDER** |
| Epicenter Partners LLC, et. al., | ) | |
| Appellees. | ) | |

Before the Court is Appellant's Second Motion for Extension of Time to Respond to Appellees' Motion to Dismiss Appeal as Moot and for Lack of Appellate Standing (Doc. 14), Appellees' response (Doc. 15), and Appellant's reply (Doc. 16).

"It is a fundamental tenet of federal civil procedure that—subject to certain, defined exceptions—the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." *In re Transtexas Gas Corp.*, 303 F.3d 571, 578–79 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982)). This is also applicable in bankruptcy cases. *Id.* at 579. Here, the bankruptcy court entered its final order on August 23, 2018. That same day, Appellant noticed its appeal with the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). At that time, the notice of appeal of the final order divested the bankruptcy court of jurisdiction and placed jurisdiction with BAP.[1] Therefore, unless a motion falling within

---

[1] The Court notes that the case was transferred to this Court on September 12, 2018, following the election of a district judge by one of the parties.

the class of postjudgment motions that would revert jurisdiction of the case back to the bankruptcy court was filed, the bankruptcy court had no jurisdiction over the case as of August 23, 2018. *See* Fed. R. Bankr. P. 8002(b).

Federal Rule of Bankruptcy Procedure 8002(b)(2) allows for a variety of postjudgment motions to render the underlying bankruptcy judgment nonfinal. One of those motions is a motion to alter or amend the judgment under Rule 9023. Fed. R. Bankr. P. 8002(b)(1)(B). However, the Court looks to the substance of the motion, not merely its name, in determining whether the motion seeks to substantively alter or amend the judgment. *See In re Transtexas*, 303 F.3d at 581; *In re McAuley*, 66 B.R. 696, 699 (B.A.P. 9th Cir. 1986). After reviewing the Motion for Clarification, the Court finds that the motion is one that falls within the purview of Fed. R. Bankr. P. 8002. In this case, where the timely appeal was noticed before the postjudgment motion was timely filed,[2] the filing of the Motion for Clarification divested the appellate court of jurisdiction (*i.e.*, this Court) and rendered the notice of appeal ineffective until the postjudgment motion is adjudicated. Therefore, the bankruptcy court has jurisdiction to rule on the Motion for Clarification.[3]

Accordingly, the notice of appeal currently pending before this Court is ineffective until the Motion for Clarification is adjudicated in bankruptcy court. Contrary to Appellees' arguments, however, there is nothing procedurally improper with Appellant's notice of appeal. Though Emerald Equities' motion ultimately tolled the time for noticing appeals, Appellant's notice was procedurally proper. In any event, the bankruptcy court must rule on Emerald Equities' motion before this Court may assume jurisdiction over this appeal. Once the postjudgment motion is ruled on, the notice of appeal will ripen into an effective appeal. *See* Fed. R. Bankr. P. 8002(b)(2), Advisory Committee Notes, 1994 Amendments; *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) (stating that when a case

---

[2] Appellant noticed its appeal on August 23, 2018, and Emerald Equities filed its Motion for Clarification on August 26, 2018.

[3] Appellant's notice of appeal challenges the same judgment that is the subject of Emerald Equities' Motion for Clarification.

is dismissed based on a lack of jurisdiction due to an ineffective notice of appeal, the appellant's appeal rights are not curtailed, and jurisdiction is not destroyed, but merely deferred). Thus, given that the Court does not have jurisdiction over this appeal and declines to stay the case for an indefinite period, the Court **dismisses** this case, *without prejudice*, until the bankruptcy court rules on the pending postjudgment motion.

Accordingly,

**IT IS ORDERED:**

1. That Appellant's Motion (Doc. 14) is **denied;**

2. That Appellees' Motion to Dismiss (Doc. 7) is **denied as moot**;

3. That the Clerk of Court shall **dismiss this case** *without prejudice*.

Dated this 30th day of November, 2018.

Honorable Steven P. Logan
United States District Judge